IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathanael L. Reynolds, a/k/a Nathaniel Lenard Reynolds, | ) ) ) | C/A No.: 4:15-865-MGL-SVH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | REPORT AND RECOMMENDATION |
| Assistant Solicitor Tyler B. Brown; Assistant Solicitor Kimberly V. Barr; and Head Solicitor Earnest A. Finney III, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Nathanael L. Reynolds ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee currently incarcerated in the Florence County Detention Center. Plaintiff filed this action against Williamsburg County Assistant Solicitors Tyler B. Brown ("Brown") and Kimberly V. Barr ("Barr"), and Sumter County Solicitor Ernest A. Finney III ("Finney") (collectively "Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff claims that he was charged with three counts of pointing and presenting, and three counts of assault and battery, 1st degree. *Id.* at 5. Plaintiff alleges that Brown

violated his constitutional rights when he delayed Plaintiff's preliminary hearings on July 16, August 28, and September 25, 2014. [ECF No. 1 at 3]. Plaintiff alleges he was present at the preliminary hearing scheduled for July 16, 2014, but that neither the arresting officer nor any witnesses attended. *Id.* Plaintiff alleges that he requested that Brown drop the charges because no witnesses were present, but that Brown rescheduled the hearing. *Id.* Plaintiff states that he and the arresting officer were present for the August 28, 2014, preliminary hearing, but no witnesses appeared. *Id*. Plaintiff alleges that he again asked that his case be dismissed, but states that the case was continued because his public defender was tardy, and he was not allowed to proceed pro se. *Id.* at 3–4. Plaintiff claims that his preliminary hearing was rescheduled for September 28, 2014, but argues that he was not brought to court on that date. *Id.* at 4.

Plaintiff states that he appeared before Judge Newman on October 23–24, 2014, and learned that Brown "indicted [Plaintiff's] case and skipped over his probable cause hearing." *Id.* Plaintiff alleges that Judge Newman "took concern of Plaintiff's grief and had witnesses and officers state what happened." *Id.* Plaintiff alleges that the facts presented at the October 24, 2014, hearing showed that he was innocent. *Id.* Plaintiff claims that on November 14, 2014, Barr dismissed the charges against Plaintiff. *Id.* at 3, 5. Plaintiff argues that he wrote to Finney about his alleged false incarceration and wrote to the Supreme Court's disciplinary counsel about Brown's misconduct. *Id.* at 5. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 6.

II.     Discussion

   A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Plaintiff sues Brown and Finney for actions associated with the prosecution of his state criminal charges, including causing his preliminary hearings to be continued three times, and subsequently presenting the case to the grand jury for indictment.[1] Plaintiff makes no allegations against Barr, aside from her dismissal of the charges against him, but he identifies her as an assistant solicitor. [ECF No. 1 at 2]. Because Defendants are entitled to prosecutorial immunity from Plaintiff's claims, this case is subject to summary dismissal.[2]

---

[1] Plaintiff's claim that he was denied his right to a preliminary hearing does not state a constitutional claim, as Plaintiff indicates that he was indicted. *See United States v. Kabat*, 586 F.2d 325, 328 (4th Cir. 1978) ("[U]nder the Supreme Court's decision in *Gerstein v. Pugh*, 420 U.S. 103 (1975), an accused has no constitutional right to a preliminary hearing, so long as he receives some form of 'a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.'"); *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007) ("[T]he defendant's indictment mooted any questions surrounding the preliminary hearing. This court has long held that the probable cause requirement may be satisfied either by a preliminary hearing or by indictment by a grand jury.").

[2] To the extent Plaintiff also asserts state law claims, Plaintiff has failed to allege any other basis for the court's jurisdiction, and the court is therefore without jurisdiction to consider such claims.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

March 5, 2015  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).