

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NATHANIEL L. REYNOLDS, § | |
| a/k/a Nathaniel Lenard Reynolds, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:15-865-MGL-SVH |
| § | |
| ASSISTANT SOLICITOR TYLER B. § | |
| BROWN, ASSISTANT SOLICITOR § | |
| KIMBERLY V. BARR, and § | |
| HEAD SOLICITOR EARNEST A. § | |
| FINNEY III, § | |
| Defendants. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that this action be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 5, 2015, and the Clerk of Court entered Plaintiff's objections on March 17, 2015, and May 8, 2015, and his supplemental objections on May 26, 2015. The Court has reviewed all three sets of objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

First, the Court overrules Plaintiff's objections because they are non-specific. There is not one single mention of the Report within the body of the objections. The only mention of the Report is in the caption of each of Plaintiff's submissions. But second, and more importantly, "Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial motions hearings." Report 4 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000)). "Because Defendants are entitled to prosecutorial immunity from Plaintiff's claims, this case is subject to summary dismissal." *Id*.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that this action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 30th day of June, 2015, in Columbia, South Carolina.

                                                s/ Mary G. Lewis
                                                MARY G. LEWIS
                                                UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.